IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SALVADOR SOTO,

    Plaintiff,

vs.                                                     1:22-CV-00740 DHU/LF

ISMAEL TREJO, Executive Director of the
New Mexico Racing Commission, in his individual
capacity; LEASA JOHNSON, Investigator for the
New Mexico Racing Commission, in her individual
capacity; THE BOARD OF STEWARDS OF
RUIDOSO DOWNS, in their individual capacities;
VIOLET SMITH, Steward, in her individual capacity;
THE BOARD OF STEWARDS AT ZIA PARK,
in their individual capacities; and RON WALKER,
Steward, in his individual capacity,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFF'S MOTION TO REMAND AND FOR COSTS

Before the Court is Plaintiff's Motion to Remand and For Costs and Memorandum in Support ("Motion") (Doc. 10).  Having considered the parties' briefing and the applicable law, the Court finds the Motion is not well-taken and is therefore DENIED.

### I.
### Factual Background and Procedural History

The facts relevant to the Motion are, in large part, uncontested.  Plaintiff filed this lawsuit in New Mexico District Court on May 18, 2020.  (Doc. 1-3 at 1-34).  In his original complaint, Plaintiff brought claims under 42 U.S.C. § 1983 against the New Mexico Racing Commission, Ismael Trejo (in his official capacity), Leasa Johnson (in her official capacity), the Board of Stewards of Ruidoso Downs (in their official capacities), and the Board of Stewards at Zia Park (in their official capacities) (hereinafter collectively referred to as the "original defendants").  *See*

*id*. There is no dispute that each of the original defendants were properly served in accordance with the State of New Mexico Rules of Civil Procedure and that none of them sought to remove the action to federal court pursuant to 28 U.S.C. §1446(b) within thirty days of receipt of the original complaint.

In state court, Plaintiff filed a motion for judgment on the pleadings, to which the original defendants responded. (Doc. 1-3 at 41-44, 45-48). Plaintiff also noticed the deposition of a witness and served written discovery requests upon the original defendants. *See* Motion at 4. According to Plaintiff, the original defendants participated in the deposition of the witness and responded to the written discovery requests propounded by Plaintiff. *See id.* On September 2, 2022, the original defendants filed a motion to dismiss the action pursuant to New Mexico Rule of Civil Procedure 1-012(B)(6) NMRA, arguing that Plaintiff could not bring his claim for damages under 42 U.S.C. § 1983 against state agencies and state employees in their official capacity. (Doc. 1-3 at 130-135). In response to the issues raised in the dispositive motion, Plaintiff filed an amended complaint in the state action. (Doc. 1-3 at 213-270). In his amended complaint, Plaintiff removed the New Mexico Racing Commission as a defendant and stated causes of action against the remaining original defendants in their individual, rather than official capacities. (Doc. 1-3 at 213). Plaintiff also added two new defendants – Violet Smith, in her individual capacity, and Ron Walker, in his individual capacity, and asserted federal claims against both of them. *See id.* Just as there is no dispute that the original defendants did not remove this action within the time frame allowed by the federal removal statute, the parties do not contest that the newly added defendants, Violet Smith and Ron Walker, timely filed their Notice of Removal after being served with the amended complaint. (Doc.1). The original defendants each consented to the removal. (Doc. 1 at 4).

Plaintiff now moves the Court to remand the action back to state court, arguing that the removal of this action by Defendants Smith and Walker was improper for several reasons. First, Plaintiff takes the position that even though he brings federal claims against these newly added defendants under the federal civil rights act, 42 U.S.C. § 1983, the Notice of Removal by these defendants was untimely, requiring remand in this case. Motion at 9-10. According to Plaintiff, because the original defendants did not remove within thirty days after service of Plaintiff's original complaint, "the time for removal has . . . expired for both [the] original Defendants and any new defendants." *Id.* Relying on *Elisa C. v. New Mexico Dep't of Health*, 1:05-CV-209 BB/WDS (D.N.M. June 28, 2005), a 2005 decision from this district, Plaintiff argues that the thirty-day period for removal began when the first defendant was served and that subsequently added defendants do not have a right to remove. *See id*. at 12. Citing to a number of decisions from this district, including *Carlton v. City of Albuquerque*, No. 1:03-CV-1018 MV/RLP (D.N.M. Jan. 30, 2004), *Meraz v. Lee*, No. 1:03-CV-424 WJ/KBM (D.N.M. June 17, 2003), and *Starko, Inc. v. New Mexico Human Svcs. Dep't*, No 1:01-CV-268 JP/WWD (D.N.M. June 21, 2001), Plaintiff asserts that this "first-served" rule applies and the thirty-day removal period under 28 U.S.C. § 1446(b) is not reviewed or extended by the addition of new defendants especially when federal claims already exist in the case. Motion at 11. Moreover, states Plaintiff, as determined in *Starko,* because the original defendants in this matter failed to remove the action initially, even though the case was removable at that time, they could not consent to removal two years later after participating in state court litigation. *See id.* at 12.

Defendants respond by arguing that when the new defendants were added in the amended pleading after the time for removal by the original defendants had expired, the new defendants had thirty days from the time they were served with the amended complaint to remove the case to

3

federal court, which they did. Defendants' Response to Motion to Remand at 4 (Doc. 14) ("Response"). Defendants take the position that the Court should not apply the "first-served defendant" rule advocated by Plaintiff, but rather the "last-served defendant" rule which provides that a later served defendant has 30 days from the time it receives the complaint (or amended complaint) to remove an action to federal court even if earlier named defendants did not choose to remove. *See id*. at 3-5.   According to Defendants, the "last-served defendant" rule is the better approach because not allowing a later served defendant to remove "would inequitably deprive it of its removal rights." *Id*. at 3 (quoting *Fitzgerald v. Bestway Servs*., 264. Supp. 2d 1311, 1316-17 (N.D. Ala. 2003)).   Moreover, assert Defendants, in *Elevario v. Hernandez*, No. 10-cv-0015 RB/WDS, 2010 U.S. Dist. LEXIS 155392 (D.N.M. April 30, 2010), a court in this district applied the "last-served defendant" rule in denying remand, noting that the United States Supreme Court had "relaxe[d]d [its] prior strict constructionist approach to removal statutes." *Id*. at *5 (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 244, 348 (1999)).   Thus, state Defendants, the removal by the newly added defendants was timely and proper and therefore the Court should deny the motion to remand and Plaintiff's request for fees.

In reply, Plaintiff states that Defendants ignore the plain language of 28 U.S.C. § 1446(b), which provides that only when an action is not removable initially may a defendant seek to remove more than 30 days after service.  Reply in Support of Plaintiff's Motion to Remand at 1-2 (Doc. 17).  In this case, points out Plaintiff, the original complaint was removable and yet the original defendants chose not to remove within 30 days of service. *See id*. at 3.  According to Plaintiff, the original defendants could not have consented to the removal in this action because they waived that right by participating in the State court action.  *See id*.  Finally, Plaintiff acknowledges the holding in *Elevario*, but argues that this matter is more closely analogous to the case in *Starko*,

4

where the Court found the "first-served defendant" rule more applicable in a case where the first-served defendants waived their right to remove the case and then, years later, an amended complaint adding additional defendants was filed. *See id*. at 4.

## II.
## Legal Standards

This Court has original jurisdiction over claims brought pursuant to 42 U.S.C. § 1983. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"). Generally, pursuant to the federal removal statute, "any civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. §1446(b). "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

"[B]ecause the jurisdiction of federal courts is limited, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013). "Removal statutes are to be strictly construed, [ ] and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107–09 (1941)). A district court must remand a case to state court whenever the district court lacks subject matter jurisdiction over the case. *See* 28 U.S.C. § 1447(c) ("[i]f at any time before

final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")

### III.
### Analysis

Whether removal of this action by Defendants Smith and Walker was proper turns primarily on the answers to two questions. The first question relates to when the thirty-day period in which to remove an action to federal court under 28 U.S.C.§ 1446 begins to run. The parties advocate for two different approaches – the "first served" defendant approach, advanced by Plaintiff, and the "last-served" defendant rule argued by Defendants. The second question is whether the original defendants in this case waived their right to consent to removal by not initially removing the case even though the original complaint stated a federal cause of action and/or by actively litigating the case in State court for over two years. The Court addresses each of these queries below.

**A. The Last-Served Rule Has Uniformly Been Adopted by the Courts in this District Over the Last Fourteen Years.**

The Tenth Circuit has not definitively addressed or determined whether the thirty-day period for removal begins to run when the first defendant is served or the last defendant is served. *See Zambrano v. New Mexico Corr. Dep't.*, 256 F.Supp.3d 1179, 1184 (D.N.M. 2017). But Plaintiff is correct that, before 2009, judges in this district routinely followed the "first-served defendant" rule, also known as the traditional rule, and remanded cases when originally named defendants failed to remove within thirty days of service even if the removal was made by a later served defendant. *See*, *e.g*., *Elisa C. v. New Mexico Dep't. of Health*, No. CIV 05-209 BB/WDS, Mem. Op. (D.N.M. June 28, 2005); *Carlton v. City of Albuquerque*, No. 03-cv-1018 MV/RLP (D.N.M. January 30, 2004); *Meraz v. Lee*, No. 3-cv-00424-WJ/KBM, Mem. Op. & Order (D.N.M.

June 17, 2003); *Walther v. Radioshack*, No. 2-cv-1001-WJ/LFG, Mem. Op. & Order (D.N.M. Nov. 1, 2002); *Starko, Inc. v. New Mexico Human Servs. Dep't.*, No. 01-0268 JP/WWD, Mem. Op. & Order (D.N.M. June 21, 2001; *Sugg v. Albuquerque Pub. Sch. Dist.*, No. Civ 95-1184 LH/DJS, Mem. Op. & Order (D.N.M. Jan. 26, 1996); *Ramsey v. CSG Security Servs., Inc.*, No. Civ. 95-888 LH/LS, Mem. Op. & Order (D.N.M. Nov. 8, 1995); *ITT Comm'l. Credit Corp. v. Hotel Dev. Corp.* No. Civ. 91-634M, Mem. Op. (D.N.M. Sept. 1991).  The rationale for applying the "first-served defendant" rule was predicated primarily on two perceptions: 1) it was more consistent with the rule of unanimity, which requires that all served defendants consent to and join in the notice of removal within 30 days, and 2) it was in accord with the narrow construction of the removal statute and federal jurisdiction.  *See*, *e.g.*, *Bailey v. Janssen Pharmaceutical, Inc.*, 536 F.3d 102, 1207 (11th Cir. 2008); *Getty Oil v. Ins. Co. of North America*, 841 F.2d 1254, 1262-63 (5th Cir. 1988).

However, beginning in 2009, the general approach in this district began to evolve as judges found the last-served defendant rule to be more in line with the language of the removal statute. The statute provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).

As explained by one judge in this district,

> [T]he text [of § 1446(b)] is more harmonious with the "last-served" rule.  First of all, the statute gives "the defendant" the right to [remove], suggesting that it is a right each defendant has. Second, to adopt the traditional [first-served] rule, the Court would be required to read language into the statute.  Namely, the phrase "first-served" would have to be implied.

7

*Bonadeo v. Lujan*, No. CIV-08-0812 JB/ACT, 2009 WL 1324119, at *10 (D.N.M. April 30, 2009).

This Court agrees that the "last-served" rule is more in accord with the text of 28 U.S.C. § 1446(b). To read the statute as proposed by Plaintiff, one would have to imply that Congress intended for "the defendant" to mean only the first-served defendant even though the statutory language omits that delineation. "A federal court must 'give effect to the will of Congress, and where its will has been expressed in reasonably plain terms, that language must ordinarily be regarded as conclusive.'" *United States v. Kammersell*, 196 F.3d 1137, 1139 (10th Cir. 1999) (quoting *Negonsott v. Samuels*, 507 U.S. 99, 104, 113 S.Ct. 1119, 122 L.Ed.2d 457 (1993)). Here, the plain language of Section 1446 indicates that Congress intended each defendant to have the right to remove if the jurisdictional requirements of the removal statute are met. The last-served rule thus better reflects the intent of Congress and, accordingly, since 2009, the courts in this district who have considered the matter have adopted the "last-served defendant" rule for purposes of removal. *See*, *e.g.*, *Lucero v. Ortiz*, 163 F. Supp. 3d 920, 931 (D.N.M. 2015); *Doe v. Sunflower Farmers Markets*, *Inc.*, 831 F.Supp.2d 1276 (D.N.M. 2011); *Moreno v. Taos County Bd. of Comm'rs*, 778 F.Supp.2d 1139 (D.N.M. 2011); *Nieto v. Univ. of New Mexico*, 727 F.Supp.2d 1176 (D.N.M. 2010); *Quality First Roofing, Inc. v. HDI Global Specialty SE*, 2021 WL 1923639 (D.N.M. May 13, 2021); *Crespin v. Bainbridge*, Civ. No. 13-739, 2014 WL 12704686 (D.N.M. March 3, 2014); *Elevario v. Hernandez*, No. 10-cv-00015 RB/WDS (D.N.M. April 30, 2010); *Kirkendoll v. Otzenberger*, No. 09-cv-1006 JP/DJS (D.N.M. January 21, 2010); *Bonadeo*, 2009 WL 1324119.

**B. The 2011 Amendments to the Removal Statute Further Support the "Last-Served Defendant" Rule**.

In 2011, Congress passed the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (the "Clarification Act"), which, among other things, amended 28 U.S.C. § 1446. *See* Pub. L. No. 112-63, § 103(b), 125 Stat. 758, 760-761. Relevant to the issue here, the Clarification Act inserted the following language to Section 1446:

> (B) Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.
>
> (C) If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.

*Id*.

Prior to the 2011 amendments, subsection (b) of Section 1446, which governs the requirements for removal, referred only to "the defendant" when noting the time within which a notice of removal had to be filed after service. The amendments to Section 1446 in the Clarification Act, however, made clear that "Each defendant" has a statutory right to removal and 30 days in which to file the notice after service of the pleading "on that defendant." *See* 28 U.S.C. § 1446(b)(2)(B). Furthermore, the amendments to the statute clarified that when a "later-served" defendant filed a notice of removal, any "earlier-served" defendant could consent to the removal even though that earlier-served defendant did not previously remove the case. *See* 28 U.S.C. § 1446(b)(2)(C). Both of these provisions support the notion that the "last-served defendant" rule is more congruent and in unison with Congress' intent regarding who may remove an action to federal court and when that removal can occur.

In sum, the cases cited by Plaintiff in support of the "first-served defendant" rule are not binding on this Court and are not persuasive because they were decided before the general shift in

the interpretation of Section 1446 in this district and before the removal statute was amended in 2011 by the Clarification Act.  Considering the current language of Section 1446 and the rationale expressed in each case from this district since 2009 that has addressed the issue, this Court agrees with the current view that the more sensical approach is to follow the "last-served defendant" rule.

### C. Although the Original Defendants May Have Waived Their Right to Remove This Case Themselves, They Did Not Waive the Right to Consent to the Later Served Defendants' Removal.

The Court's analysis does not end with the adoption of the last-served defendant rule. Plaintiff also argues that remand is appropriate because the original defendants' consent to removal by the later-served defendants was invalid, requiring remand.  Motion at 12.  According to Plaintiff, the original defendants waived their right to consent to removal.  *See id*.  Relying on *Starko*, a decision from this district decided over twenty years ago, Plaintiff takes the position that because the lawsuit was initially removable and the amended complaint did not substantially change the nature of the lawsuit, the original defendants waived their right to removal by not filing a timely notice of removal to the original complaint. *See id*. (citing *Starko*, No. 01-0268).

There is no question that the right to remove a case can be waived by a defendant who does not file a notice of removal within 30 days of service of a removable action.  *See Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1077 (10th Cir. 1999) (noting that a defendant who does not act within the statutory removal deadlines waives its right to remove the action to federal court); *see also* 28 U.S.C. § 1446(b).  And the Court agrees with Plaintiff that the original defendants waived their right to remove this case themselves because they did not remove the action within thirty days of service, even though the action was clearly removable at the time.  *See Huffman*, 194 F.3d at 1077.  Some courts have determined that the right to remove a case could be waived by defendants who, through their participation in state court proceedings before removal,

demonstrated a "clear and unequivocal intent" to remain in state court. *Zamora v. Wells Fargo Home Mortg.*, 831 F.Supp.2d 1284, 1291 (D.N.M. 2011) (quoting *Grubb v. Donegal Mut. Ins. Co.*, 935 F.2d 57, 59 (4th Cir. 1991)). A clear and unequivocal intent to remain in state court can be shown when a defendant engages in "substantial defensive action" before seeking removal or by requesting a final determination on the merits of the case through the filing of a motion for summary judgment. *See id*. (citing *Aqualon v. Mac Equip., Inc.*, 149 F.3d 262, 264 (4th Cir. 1998) and *Wolfe v. Wal-Mart Corp.*, 133 F.Supp.2d 889, 893 (N.D.W. Va. 2001)).

But to say that not filing a timely notice of removal or engaging in state court litigation also waives a defendant's right to *consent* to removal by a later-served defendant is an entirely different thing. The Court questions whether, after the 2011 amendments to the removal statute, it is possible that an earlier-served defendant could waive its right to consent to the removal by a later-served defendant even if it did not remove the action itself and proceeded to engage in state court litigation. Such a waiver would run afoul of the amended statute's declaration that "any earlier-served defendant may consent to the removal [by a later-served defendant] even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(A). Through the amendments, Congress acknowledged that "[f]airness to later-served defendants . . . necessitates that they be given their own opportunity to remove, even if the earlier-served defendants chose not to remove initially." H.R. Rep. 112-10, 14, 2011 U.S.C.C.A.N. 576, 580. The rule was clearly intended to provide for "equal treatment of all defendants in their ability to obtain Federal jurisdiction over the case against them." *Id.*[1]

---

[1] Plaintiff's reliance on the analysis in *Starko* is misplaced because that decision was predicated on the "first-served defendant" rule, which the Court now rejects in favor of the "last-served defendant" rule. Moreover, *Starko* was decided ten years before the Clarification Act and the amendments to Section 1446 of the removal statute.

Even if it were the case that a defendant could waive its right to *consent* to removal in the same way it could waive its right to removal by participating in state court litigation, the Court would reach the same conclusion because the original defendants did not demonstrate a "clear and unequivocal intent" to remain in state court. *Zamora*, 831 F.Supp.2d at 1291.  Here, most of the active litigation in the state court proceedings was initiated by Plaintiff, including the filing of a motion for judgment on the pleadings, the notice of a deposition and the service of written discovery. (Doc. 1-3 at 41-44, 45-48).  The fact that the original defendants responded to the motion and to Plaintiff's discovery requests and participated in the deposition that had been noticed by Plaintiff is hardly an indication that they clearly and unequivocally intended to litigate this case in state court; nor do these responses and filings constitute "substantial defensive action" sufficient to justify a finding of waiver.  This case is unlike *Chavez v. Kincaid*, 15 F.Supp.2d 1118, 1125 (D.N.M. 1998) and *Starko*, No. 01-0268, two pre-amendment decisions from this district where the court found that defendants had waived the right to remove their case to federal court by participating in state court litigation.  *Chavez* involved a situation where the defendants had not only filed an untimely notice of removal but had themselves initiated discovery by serving requests to the plaintiff, and then requested a hearing on a twenty-four-page dispositive motion.  *See id*. at 1125.  Similarly, in *Starko*, the defendants filed three motions to dismiss, a motion for summary judgment, requested hearings on all the dispositive motions, and served the plaintiff with discovery requests.  *See* No. 01-0268 at 5.  The totality of the defendants' affirmative actions in both of those cases manifested a clear and unequivocal intent to remain in state court.

Here, while the original defendants did eventually file a motion to dismiss the state court litigation, that filing, absent additional affirmative actions, was insufficient to waive a defendant's right to removal, much less a defendant's right to consent to removal by a later-served defendant.

*See May v. Bd. of Cty. Comm'rs for Cibola Cty.,* 945 F.Supp.2d 1277, 1298 (D.N.M. 2013) (determining that filing a motion to dismiss in state court was not enough to waive right of removal). "It should take at least as much, if not more, action in state court to waive the right to consent, as it does to waive the removal right. [Courts] should be especially reluctant to take away one defendant's Congressionally-bestowed right to remove because of another defendant's actions." *Id.* at 1300. Under these circumstances, the Court concludes that the original defendants did not waive their right to consent to the removal by the later-served defendants in this case.

## IV.
## Conclusion

For the reasons stated above, the Court finds that the original defendants did not waive their right to consent to removal by the later-served defendants when they chose not to remove the case themselves when it was initially filed. The Court also concludes that the original defendants did not waive their right to consent to removal by responding to Plaintiff's actions in state court and filing a motion to dismiss before the last-served defendants removed the case.[2]

Defendant's Motion to Remand and For Costs (Doc. 10) is therefore DENIED.

_____
HON. DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff also argues that, in the notice of removal in this case, Defendants reserved the right to assert all defenses including those that could be brought under Fed. R. Civ. P. 12(b). Thus, states Plaintiff, "Defendants appeared to consent to removal while also attempting to retain defenses which would include Eleventh Amendment immunity." Motion at 7. Plaintiff, however, fails to explain how this relates to the appropriateness of the removal or why remand would be required under these circumstances.